UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 10-30050-RAL |
| Plaintiff, | \* | |
| -vs- | \* | OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO SUPPRESS |
| DONOVAN TOM YAZZIE, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**I. INTRODUCTION**

After being indicted for one count of Assault Resulting in Serious Bodily Injury and one count of Child Abuse, Defendant Donovan Tom Yazzie moved to suppress (Doc. 29) statements made to federal and tribal agents on April 16 and 17, 2010, as well as part of Defendant's cellular telephone call log. After the parties fully briefed the motion, Magistrate Judge Mark Moreno held a two-part hearing on the motion on December 10, 2010, and January 13, 2011. On January 25, 2011, Judge Moreno issued a Report and Recommendation (Doc. 54), recommending that Yazzie's Motion to Suppress (Doc. 29) be denied. Copies of the Report and Recommendation were served upon the parties as required by 28 U.S.C. § 636.

In considering a magistrate judge's recommendation on a dispositive matter, such as a motion to suppress evidence, a district court must make a "de novo determination of those portions of the report or . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Yazzie filed objections (Doc. 69) to the Report and Recommendation on February 8, 2011. This Court has conducted a de

-1-

novo review of the record . For the reasons explained below, the Court adopts the Report and Recommendation with the following qualifications.

## II. DISCUSSION

Two objections to the Report and Recommendation were made: 1) Yazzie objected to the Report and Recommendation finding concerning Agent Ramirez's viewing of the call log on Yazzie's cellular telephone; and 2) Yazzie objected to the Report and Recommendation findings concerning the questioning of Yazzie that occurred on April 17, 2010, at the tribal police station in Eagle Butte, South Dakota. For the reasons explained below, both objections are overruled.

### A. Cellular Telephone Call Log

Yazzie objected to Judge Moreno's finding that Yazzie's cellular telephone call log was akin to a pen register[1] and thus Agent Ramirez's viewing of it was governed by Smith v. Maryland, 442 U.S. 735 (1979), and its progeny. Yazzie states three grounds for his objection: 1) Under the holding of United States v. Kramer, No. 10-1983, slip. op. at 1-2 (8th Cir. Feb. 8, 2011) - in which the Eighth Circuit affirmed application to a cellular telephone of a sentencing enhancement for the use of a computer in facilitating an offense - a cellular telephone may not also be deemed a pen register under 18 U.S.C. § 3127; 2) law enforcement's viewing of a pen register requires a court order under 18 U.S.C. §§ 3121-27; and 3) the Government did not prove Yazzie's consent to Agent

---

[1] A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, provided, however, that such information shall not include the contents of any communication, but such term does not include any device or process used by a provider or customer of a wire or electronic communication service for billing, or recording as an incident to billing, for communications services provided by such provider or any device or process used by a provider or customer of a wire communication service for cost accounting or other like purposes in the ordinary course of its business." 18 U.S.C. § 3127(3).

Ramirez's viewing of the call log.

Yazzie's second argument is misplaced. Section 3123 concerns the procedure for law enforcement to seek court authorization for "installation and use of a pen register or trap and trace device" for surveillance purposes. In addition, "[t]he installation and use of a pen register . . . is not a search within the meaning of the Fourth Amendment and therefore its use does not violate the Constitution." United States v. Fregoso, 60 F.3d 1314, 1320 n.3 (8th Cir. 1995) (citing Smith v. Maryland, 442 U.S. 735, 745-46) (1979) (internal quotation omitted)). Therefore, even if the call log was within the scope of the statute, violation of § 3123 "does not mandate exclusion of evidence for violations of the statutory requirements." Id. at 1320-21 (citing United States v. Thompson, 936 F.2d 1249, 1249-50 (11th Cir. 1991) (information obtained from a pen register need not be suppressed despite noncompliance with statutory requirements because governing statutes, 18 U.S.C. §§ 3121-3127, do not require exclusion for violations)); see also United States v. Forrester, 512 F.3d 500, 512-13 (9th Cir. 2008) (same); United States v. Moffett, 84 F.3d 1291, 1294 (10th Cir. 1996) (same); United States v. Harvey, No. S1-4:02 CR 482 JCH DDN, 2003 U.S. Dist. LEXIS 14961, at *71 (E.D. Mo. 2003).

Because the Court adopts the Report and Recommendation on this matter to the extent it held that Yazzie was not in custody and he voluntarily consented to Agent Ramirez's viewing of the call log, the issue of whether a cellular telephone call log may constitute a pen register need not be determined in this case. Yazzie's objection is overruled.

**B. April 17, 2010 Questioning**

Yazzie objected to Judge Moreno's findings that Yazzie was not in custody on the morning of April 17, 2010, and that the statements made were voluntary. Yazzie also objected on the ground

that the Report and Recommendation did not include certain facts.

First, Yazzie argued that the Report and Recommendation failed to consider certain testimony that Yazzie would have needed to exit as many as four different doors in order to leave the interview room and exit the station. The Report and Recommendation, however, appropriately considered this evidence when noting that "[Agent] Ramirez also showed Yazzie that the door Yazzie had entered through was open and told him that he could walk out and leave at any time the same way he came in." (Doc. 54, at 13-14); see also (Doc. 44, at 76). In addition, Agent Ramirez testified that leaving the interview room and exiting the station would not have required significant difficulty. (Doc. 44, at 75-76). From the interview room, Yazzie could have opened the interview room door, walked straight to a secured door that was not secured from that side, opened that door, proceeded into the lobby, exited a door from the lobby into the middle portion of the building and then walked outside to the parking lot. (Doc. 44, at 76). Agent Ramirez demonstrated that the interview room door was open and explained that Yazzie could leave by exiting the exact same doors in which he entered. (Doc. 44, at 76). In response, Yazzie indicated that he understood. (Doc. 44, at 76).

Next, Yazzie cited the suppression hearing testimony of Bernard Uses Knife for the proposition that Yazzie could not leave the station without being buzzed through a secured door. Uses Knife so testified based on his past experience as an employee in the same building. (Doc. 49, at 166-67). Cross-examination, however, revealed that Uses Knife had only once been in the part of the building in question, for a drug screening, and that he never tried to open the door in dispute. (Doc. 49, at 176). Therefore, the Court credits Agent Ramirez's testimony concerning the layout of the building and ease of exit.

Finally, Yazzie argued that the Report and Recommendation failed to consider the whole time frame of the interviews and searches occurring on April 16 and 17, 2010, when determining the voluntariness of Defendant's April 17, 2010 statements at the police station. He notes that the first two interviews occurred during the evening on April 16, 2010. The agents conducted the first interview from 9:08 p.m. to 10:14 p.m. (Doc. 44, at 52-53); Ex. 1. Fifteen minutes later, Agent Ramirez obtained written consent to search Yazzie's home, signed by Yazzie, occupant Ashley Red Elk Uses Knife, and owner Bernard Uses Knife, and he began the search. (Doc. 44, at 14-15, 52-53); Ex. 2. The search lasted approximately 40 minutes, during which Yazzie made additional statements. (Doc. 44, at 55). A third interview occurred at the police station the following morning from approximately 9:47 a.m. until 11:19 a.m. Ex. 4. A fourth interview occurred at Yazzie's home later that day and lasted approximately 15-20 minutes. Although the Report and Recommendation noted the date and length of each interview, it did not include the time of day for each interview. However, the Report and Recommendation individually examined the constitutionality of each interview in recommending denial of Yazzie's motion to suppress. Cumulatively, the four interviews lasted less than four hours. Such a duration is fairly long, but it is shorter than that approved in other cases. See United States v. Hyles, 479 F.3d 958, 567 (8th Cir. 2007) (agreeing that a period of questioning spanning five or six hours was not excessive or burdensome); Simmons v. Bowersox, 235 F.3d 1124, 1133-34 (8th Cir. 2001) ("[q]uestioning a suspect for six or seven hours is not unconstitutionally coercive per se."). Considering that Yazzie had significant breaks in between the interviews, the timing and duration of the four interviews in this case does not run afoul of the Constitution. This objection is overruled.

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the Report and Recommendation (Doc. 54), as altered by this Opinion and Order, is adopted by the Court. It is further

ORDERED that the Defendant's Objections (Doc. 69) to the Report and Recommendation are overruled. Finally, it is

ORDERED that the Motion to Suppress (Doc. 29) is denied.

Dated February 10, 2011.

                BY THE COURT:

                /s/ *Roberto A. Lange*
                ROBERTO A. LANGE
                UNITED STATES DISTRICT JUDGE